E-FILED
Wednesday, 06 May, 2020 12:14:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEL KENSER, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )     No. 20-3018 |
| | ) |
| OFFICER BOROLA, et. al. | ) |
|    Defendants. | ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint and consideration of Plaintiff's motion for appointment of counsel. [4].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, alleges his constitutional rights were violated by Sangamon County Sherriff's Deputies Borola, Zach, Nelson, Scott Loftus, and Kirby. Plaintiff says he was a pretrial detainee when the Defendants used excessive force after a court appearance on January 6, 2020 and then refused to provide him with medical care.

Plaintiff says after court, Defendants Borola and Zach began to threaten him. Defendant Borola punched Plaintiff in the "back with (an) open hand caused me

1

excruciating pain." (Comp, p. 5). Plaintiff also says the action was taken "out of retaliation" due to an apparent issue in court, but Plaintiff does not clarify further. (Comp, p. 5).

Once in his cell, the officers put the handcuffed Plaintiff on his knees on the floor to remove his handcuffs which again caused him "excruciating" pain. (Comp., p. 5).

Plaintiff asked Defendants Borola, Zach, and Nelson for medical care for his "pain and injuries," but the officers ignored his request. (Comp., p. 6). Plaintiff does not state what injuries he suffered.

Defendant Loftus threatened to "write up" Plaintiff if he filed a grievance. (Comp., p. 6). Defendant Kirby also retaliated when he moved Plaintiff to segregation because of "the issue" in court. (Comp, p. 6).

There are several problems with Plaintiff's complaint. The Supreme Court has held "the due process standard for excessive force claims by pretrial detainees is less demanding than the Eighth Amendment standard for excessive force claims by convicted inmates." *Williams v. Cook Cty.*, 2018 WL 3970145, at *5 (N.D. Ill. Aug. 20, 2018); *citing Kingsley v. Hendrickson*, 576 U.S. 389, 135 S.Ct. 2466(2015). Specifically, the "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473.

Nonetheless, "a claim ordinarily cannot be predicated upon a *de minimis* use of physical force." *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000); *see also Brown v. Muskegon County Jail*, 2019 WL 2482359, at *4 (W.D.Mich. June 14, 2019)(detainee has alleged at most a *de minimis* use of force, not an unreasonable one).

In this case, Plaintiff alleges he was slapped on the back with an open hand. Plaintiff also alleges he was made to kneel as his handcuffs were removed which is a fairly typical practice in correctional facilities. It is unclear why Plaintiff believes the force used was excessive or why he alleges he was in excruciating pain. Plaintiff makes vague reference to injuries, but it is unclear what injuries he may have suffered as a result of either action.

In addition, to state a Fourteenth Amendment claim based on inadequate medical treatment, Plaintiff must still allege he suffered from a serious medical condition. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Plaintiff has not indicated why he needed medical care.

Finally, to state a retaliation claim, a plaintiff must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted). Plaintiff has not alleged he participated in a specific activity protected by the First Amendment. Plaintiff instead makes vague reference to an issue in court and his right to free speech. Plaintiff must identify the specific conduct which he believes prompted Defendants to retaliate.

Therefore, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and as a violation of Rule 8 of the Federal Rules of Civil

Procedure which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

The Court will allow Plaintiff an opportunity to file an amended complaint if he can clarify his intended allegations. Any amended complaint must stand complete on its own, must include all claims and defendants, and must not make reference to any previous filing or complaint. Plaintiff must also provide the additional information noted in this order. For instance, why was the force excessive, what injury did Plaintiff suffer, what medical care did he need, and what action prompted retaliatory action? Plaintiff must file any proposed amended complaint within 21 days of this order.

Plaintiff has also filed a motion for appointment of counsel. [4]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's specific motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received. Therefore,

4

Plaintiff's motion is denied with leave to renew after he clarifies his intended claims and defendants. [4].

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Federal Rule of Civil Procedure 8(a)(2) and pursuant to 28 U.S.C. §1915A for failure to state a claim upon which relief can be granted.

2) If Plaintiff can clarify his claims, he may file an amended complaint in compliance with this order within 21 days or on or before May 27, 2020. If Plaintiff does not file his amended complaint on or before May 27, 2020 or does not follow the Court's directions, his case may be dismissed without prejudice.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his intended claims. [4].

4) The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days.

ENTERED this 6th day of May, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE